# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JAMES M. CLANCY,           )
                                    )
      Plaintiff,           )
                                    )
      v.                   )         No. 2:13-04252-DGK-SSA
                                    )
CAROLYN W. COLVIN,         )
Acting Commissioner of Social Security,   )
                                    )
      Defendant.         )

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff James Clancy seeks judicial review of the Commissioner of Social Security's denial of his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f.   The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including chronic heart failure and obesity, but retained the residual functional capacity ("RFC") to perform work as a folding machine operator or grinder operator.

After carefully reviewing the record and the parties' arguments, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole.   The Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed the pending application on June 22, 2011, alleging a disability onset date of September 1, 2010.  The Commissioner denied Plaintiff's application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  On July 30, 2012, the ALJ held a hearing, and on

August 22, 2012, the ALJ issued his decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on October 22, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

Plaintiff contends the Commissioner's decision is not supported by substantial evidence and should be reversed because: (1) the ALJ failed to obtain Plaintiff's medical records, and so this case should be remanded under 42 U.S.C. § 405(g)(6); (2) the ALJ improperly evaluated Plaintiff's credibility; and (3) the ALJ erred in weighing the opinion of the state agency medical consultant.[2]  The Court finds no merit to these claims.

**A.    The additional medical records submitted by Plaintiff do not justify remand.**

Plaintiff submits approximately 67 pages of additional evidence with his brief and argues that this new evidence warrants remand.  *See* Pl.'s Br. at 15-16 (citing Doc. 9-2 through 9-12).  Plaintiff alleges that SSA failed to obtain these records, and therefore the case must be remanded pursuant to 42 U.S.C. § 405(g)(6).  Plaintiff does not, however, provide any explanation for his failure to obtain this evidence during the administrative process.

A Plaintiff seeking remand under sentence six of § 405(g) on the basis of additional evidence must show (1) that the new evidence is material, and (2) good cause for failure to incorporate that evidence into the record before the Commissioner.  *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).  To be considered material, the new evidence must be "non-cumulative, relevant, and probative of the claimant's condition for the time period for which

---

claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Plaintiff's lists other arguments, but never develops them.  Specifically, Plaintiff appears to suggest that the ALJ: (1) erred at Step Two by finding Plaintiff's other impairments were non-severe; (2) erred at Step Three by finding his combination of impairments did not meet a listed impairment in 20 CFR Part 404, Subpart P; and (3) erred at Step Five in relying on the Vocational Expert's testimony that jobs existed which Plaintiff could perform.  Because Plaintiff has failed to make specific arguments, the Court proceeds as if these issues had not been raised at all.  *See Whited v. Colvin*, No. C13-4039-MWB, 2014 WL 1571321, at *2 (N.D. Iowa April 18, 2014) (discussing how the failure to specifically object to a magistrate judge's decision is akin to making no objection at all).

benefits were denied." *Id.* at 1154. The claimant bears the burden of demonstrating good cause, and "[g]ood cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing sufficient explanation." *Mouser v. Astrue*, 545 F.3d 634, 637 (8th Cir. 2008).

In the present case, Plaintiff cannot establish good cause because he has provided no explanation for his failure to obtain the additional evidence during the administrative process. Almost all of the records attached to Plaintiff's brief existed during the administrative stage of this case, and Plaintiff has not even tried to establish that he could not obtain these records during this time. Thus, Plaintiff has not established good cause. *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008).

**B.    The ALJ's credibility determination is supported by substantial evidence.**

Plaintiff also argues that the ALJ did not properly evaluate his credibility. This argument is unavailing.

When the ALJ discounts a claimant's credibility, he is required to explain why he did not fully credit the claimant's complaints. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is not required to discuss every factor in his decision. *Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007). Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for

doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

At the outset, the Court notes that contrary to Plaintiff's claim that the ALJ never acknowledged his allegations of fatigue, the ALJ noted that Plaintiff indicated he "wakes up tired," that "he is tired all the time," and that he has to rest after walking only 50 feet. R. at 16-17. The ALJ also noted Plaintiff's allegations that he had chest pain daily, that movement made his pain worse, that he had knots and spasms in his back, and that he had left leg arthritis and low back pain. R. at 16-17. What the ALJ found was that although Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. R. at 17.

Substantial evidence supports this finding. First, the ALJ noted that despite Plaintiff's allegations of disabling chest pain, the medical evidence did not include any significant objective findings. R. at 18, 217, 260, 271-72, 275, 279-80, 282-84, 287-88, 290, 291, 297-301. The medical record also shows Plaintiff did not suffer significant functional limitations as a result of pain and fatigue. R. at 16-21, 198, 234, 243, 248-50, 272, 279, 280, 282, 292, 324. Second, Plaintiff performed many activities, such as riding a bike, working on cars, lifting things, and using a cutting torch and welder, which suggests he could work. R. at 19, 139-48, 270; *see McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (affirming the ALJ's credibility determination where the claimant's daily activities suggested he was capable of working). Third, the record indicates that at least some of Plaintiff's symptoms were a result of his failure to follow his doctors' advice to stop smoking a pack of cigarettes a day. R. at 17, 19-20, 261, 277, 297-99, 300, 308; *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (holding the failure to follow prescribed treatment "weighs against a claimant's credibility."). Fourth and finally, the

5

ALJ did not err in noting that Plaintiff had a limited work history, which cast doubt upon his allegation that medical problems led to his unemployment. R. at 20, 36-38; *see Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability.").

**C.  The ALJ did not err in weighing the opinion of the state agency medical consultant.**

Finally, Plaintiff argues that the ALJ improperly relied on the opinion of a state agency medical consultant, Dr. Mel Moore, M.D., in reaching his decision. Plaintiff does not argue that the ALJ should have given greater weight to another medical opinion in the record.[3] Rather, he contends the ALJ erred in relying on Dr. Moore's opinions.

The Regulations view state agency medical consultants as highly qualified physicians who are also experts in Social Security disability evaluation. 20 C.F.R. § 416.927(e)(2). ALJs are not bound by findings made by State agency medical or psychological consultants, but they must consider the findings and other opinions of these consultants as opinion evidence. *Id.* Although the opinion of a non-treating, non-examining source generally does not, by itself, constitute substantial evidence supporting the ALJ's decision, *see, e.g.*, *Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004), nothing in the regulations or case law precludes an ALJ from assigning great weight to the opinion of a State agency medical consultant. An ALJ does not err when he considers the opinion of a State agency medical consultant, along with the medical evidence as a whole, in reaching his decision. *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007).

Dr. Moore opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, and that he could sit, stand, and walk about six hours in an eight-hour

---

[3] Indeed, Plaintiff could not have made this argument since Dr. Moore's opinion is the only medical opinion in the record.

workday.  R. at 248.  He opined that Plaintiff could frequently climb ramps and stairs, balance, kneel, crouch, and crawl, but could never climb ladders, ropes, or scaffolds.  R. at 249.  He also opined that Plaintiff was limited in his ability to reach in all directions and needed to avoid concentrated exposure to extreme cold and heat, wetness, and humidity.  R. at 250.

The Court finds no merit to Plaintiff's argument that the ALJ should not have assigned great weight to Dr. Moore's opinion.  Dr. Moore's opinion is generally consistent with, and supported by, the medical evidence in the record, and where it is not, the ALJ did not rely on it.  For example, consistent with Dr. Moore's opinion, the evidence showed that Plaintiff had generally normal strength, a normal gait, and a normal range of motion.  R. at 198, 234, 243, 248-50, 272, 279, 280, 282, 292, 324.  Thus, the ALJ found Plaintiff could sit, stand, and walk about six hours in an eight-hour workday.

There is also no merit to Plaintiff's argument that Dr. Moore wrongly opined that Plaintiff's postural symptoms would improve with continued use of medication.  Although Dr. Moore was of this opinion, the ALJ did not rely on this portion of Dr. Moore's opinion.  The ALJ specifically found that Plaintiff was "more limited in his postural limitations" than Dr. Moore opined, and he included additional postural limitations in the RFC assessment than Dr. Moore recommended.  R. at 16, 20.  This demonstrates that the ALJ did not blindly adopt Dr. Moore's opinion; rather, he carefully reviewed all of the medical evidence of record before formulating Plaintiff's RFC.  Thus, the Court cannot find the ALJ erred in weighing Dr. Moore's opinion.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:    November 14, 2014           /s/ Greg Kays
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT